UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DELUXE PLASTIC CARD COMPANY,
f/k/a FASTCARD, INC., a Florida
corporation,

    Plaintiff,

vs.

U.S. SOUTH COMMUNICATIONS,
INC., d/b/a INCOMM, a Georgia
Corporation, and E2INTERACTIVE,
INC., a Georgia Corporation, and
INCOMM HOLDINGS, INC., a
Georgia Corporation,

    Defendants.

CASE NO:

## COMPLAINT AND DEMAND FOR JURY TRIAL

### Injunctive Relief Requested

Plaintiff, DELUXE PLASTIC CARD COMPANY, f/k/a FASTCARD, Inc., a Florida corporation, sues the Defendants, U.S. SOUTH COMMUNICATIONS, d/b/a INCOMM, a Georgia corporation, E2INTERACTIVE, INC., a Georgia Corporation, and INCOMM HOLDINGS, INC., a Georgia Corporation, and alleges:

### THE PARTIES

1. Plaintiff DELUXE PLASTIC CARD COMPANY, f/k/a FASTCARD, Inc. (hereafter "DPC") is a corporation duly organized under the laws of the State of Florida with its principal place of business at 202 S. 22nd Street, Tampa, Florida 33605.

2. Defendant U.S. SOUTH COMMUNICATIONS (hereafter "U.S. SOUTH") is a corporation duly organized under the laws of the State of Georgia with its principal place of business at 250 Williams Street, Suite M100, Atlanta, Georgia, 30303. Upon information and belief, U.S. SOUTH does business under the name INCOMM.

3. Defendant E2INTERACTIVE, INC. (hereafter "E2INTERACTIVE") is a corporation duly organized under the laws of the State of Georgia with its principal place of business at 250 Williams Street, Suite M100, Atlanta, Georgia, 30303.

4. Defendant INCOMM HOLDINGS, INC. (hereafter "INCOMM") is a corporation duly organized under the laws of the State of Georgia with its principal place of business at 250 Williams Street, Suite M100, Atlanta, Georgia, 30303.

5. Upon information and belief, Defendants U.S. SOUTH, E2INTERACTIVE, and INCOMM are commonly owned and operated.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under the provisions of 15 U.S.C. §§1121 and 1125(a), and 28 U.S.C. §1367. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) insofar as the matter in controversy exceeds the sum of value of $75,000, exclusive of interest and costs, and is between citizens of different States within the meaning of 28 U.S.C. § 1332.

7. This Court has personal jurisdiction over the Defendants pursuant to Fla. Stat. §§ 481.193(1)(a), (b) and (f) & (2). Specifically, at all times relevant, each and every Defendant has actively and consistently operated, conducted, engaged and carried on a

business venture within the State of Florida. Moreover, each and every Defendant has committed or vicariously contributed to committing a tortious act within the State of Florida by *inter alia*: infringing DPC's trademarks within the State of Florida and engaging in false designation of origin within the State of Florida. Additionally, Defendant U.S. South is subject to the personal jurisdiction of this Court by having registered with the Florida Secretary of State to conduct business within the State of Florida.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. Sections 1391(b)(2) and 1391(c).

## GENERAL ALLEGATIONS

9. DPC is in the business of manufacturing, encoding, embossing, and/or selling plastic cards (hereafter "Plastic Cards") used for purposes including but not limited to identification cards, membership cards, credit cards, debit cards, gift cards, merchant cards, discount cards, promotional cards, phone cards and insurance cards.

10. At least since 1987, DPC has utilized the "FASTCARD" mark in association with the manufacture, encoding, embossing, marketing and/or sale of Plastic Cards.

11. DPC owns a federal trademark registration (Reg. No. 2,081,262) and has exclusive rights in the "FASTCARD" mark for the "manufacture of cards made primarily of plastic, namely identification, debit and credit cards, and rotary file cards, made to the order and specification of others." This registration is on the Principal Register, remains in good standing, and is incontestable pursuant to 15 U.S.C. §1065.

12. In the approximately eighteen years since DPC first utilized "FASTCARD" for Plastic Cards, the "FASTCARD" mark has become uniquely associated with DPC with respect to the manufacture, encoding, marketing and/or distribution of Plastic Cards.

13. It is common for prior purchasers of DPC Plastic Cards to reorder Plastic Cards from DPC years after the purchasers' prior orders by using the "FASTCARD" name to try locate DPC. Additionally, since DPC relies primarily upon Advertising and Promotional Product distributors as DPC's sales representatives, the "FASTCARD" mark serves to identify DPC's services.

14. On or about February 5, 2002, Defendant U.S. SOUTH acquired a federal trademark registration in International Class 36 (Reg. No. 2,537,002) for "FASTCARD" for "electronic services featuring the activation, deactivation and other related transactions involving prepaid debit cards at point of sale terminals at retail outlets using a computer-based network." US SOUTH purportedly first began using the "FASTCARD" mark in commerce on or about August 10, 1999, more than a decade after DPC adopted its "FASTCARD" mark.

15. On or about November 15, 2004, US SOUTH assigned Reg. No. 2,537,002 to Defendant E2INTERACTIVE. E2INTERACTIVE is the current owner of the rights granted by Reg. No. 2,537,002.

16. Because the "FASTCARD" mark that is the subject of Reg. No. 2,891,002 is confusingly similar to the previously registered "FASTCARD" mark issued to DPC, and

4

12. In the approximately eighteen years since DPC first utilized "FASTCARD" for Plastic Cards, the "FASTCARD" mark has become uniquely associated with DPC with respect to the manufacture, encoding, marketing and/or distribution of Plastic Cards.

13. It is common for prior purchasers of DPC Plastic Cards to reorder Plastic Cards from DPC years after the purchasers' prior orders by using the "FASTCARD" name to try locating the DPC. Additionally, since DPC relies primarily upon Advertising and Promotional Product distribution as DPC's sales representatives, the "FASTCARD" mark serves to identify DPC's services.

14. On or about February 5, 2002, Defendant U.S. SOUTH acquired a federal trademark registration in International Class 36 (Reg. No. 2,537,002) for "FASTCARD" for "electronic services featuring the activation, deactivation and other related transactions involving prepaid debit cards at point of sale terminals at retail outlets using a computer-based network." US SOUTH purportedly first began using the "FASTCARD" mark in commerce on or about August 10, 1999, more than a decade after DPC adopted its "FASTCARD" mark.

15. On or about November 15, 2004, US SOUTH assigned Reg. No. 2,537,002 to Defendant E2INTERACTIVE. E2INTERACTIVE is the current owner of the rights granted by Reg. No. 2,537,002.

16. Because the "FASTCARD" mark that is the subject of Reg. No. 2,891,002 is confusingly similar to the previously registered "FASTCARD" mark issued to DPC, and

4

because DPC is the prior use of the "FASTCARD" mark in the relevant commerce, Reg. No. 2,537,002 was improperly granted and should not have issued.

17.     On or about October 5, 2004, Interactive Communications International, Inc., a related company to Defendants, acquired a federal trademark registration in International Class 38 (Reg. No. 2,891,493) for "FASTCARD" for "cellular telephone and paging communications services." The registration lists a first use in commerce date of March 2000.

18.     On or about November 15, 2004, Interactive Communications International, Inc. assigned Reg. No. 2,891,493 to Defendant E2INTERACTIVE. E2INTERACTIVE is the current owner of the rights granted by Reg. No. 2,891,493.

19.     Because the "FASTCARD" mark that is the subject of Reg. No. 2,891,493 is confusingly similar to the previously registered "FASTCARD" mark issued to DPC, and because DPC is the prior use of the "FASTCARD" mark in the relevant commerce, Reg. No. 2,891,493 was improperly granted and should not have issued.

20.     On or about April 11, 2000, Interactive Communications International, Inc. filed an intent-to-use federal application for trademark registration for the "FASTCARD" mark (Ser. No. 76,022,771) in International Class 9 for "pre-paid cellular phones; pre-paid paging units; pre-paid cellular phone airtime cards and paging unit cards, magnetically encoded" and in International Class 16 for "pre-paid cellular phone airtime cards and paging unit cards, not magnetically encoded." On or about November, 15, 2004, Interactive Communications International, Inc. assigned all interests in the applied-for mark to E2INTERACTIVE. This application for registration is still pending.

21.  On or about November 17, 2004, Defendant E2INTERACTIVE filed a federal application for trademark registration in International Class 36 (Ser. No. 78,518,640) for the "FASTCARD" mark for "electronic services featuring the activation, deactivation and other transactions involving prepaid debit and stored value cards using a computer-based network." E2INTERACTIVE supplied a first use in commerce date of August 10, 1999. This application for registration is still pending.

22.  Defendants have utilized, and continue to utilize, the "FASTCARD" mark for purposes of marketing, selling and possibly manufacturing PLASTIC CARDS and services relating to PLASTIC CARDS in the form of pre-paid phone cards, affiliated credit and debit cards, prepaid gift cards and other types of PLASTIC CARDS offered by DPC.

23.  Defendants' use of the "FASTCARD" mark has caused actual confusion in the relevant marketplace regarding the origin of Defendants' products and services and has lead to mistaken complaints to DPC regarding the quality of Defendants' offered products and services.

24.  All conditions precedent to the institution and maintenance of this action have been performed or have occurred.

### Count I – Federal Trademark Infringement

25.  Paragraphs preceding Count I are incorporated by reference and realleged herein.

6

26. This count for trademark infringement arises under the trademark laws of the United States, namely, Title 15 of the United States Code and more particularly, 15 U.S.C. §§1114-18, inclusive.

27. Defendants' unauthorized use of the "FASTCARD" mark for Plastic Cards and services relating thereto constitutes the use, without Plaintiff's approval, of DPC's "FASTCARD" mark in connection with the sale, offering for sale, distribution or advertising of identical or substantially identical goods and services in a manner likely to cause confusion or mistake, or to deceive as to the source or origin of such goods or services.

28. By knowingly moving from the area of their acquired trademark registrations for the "FASTCARD" mark, *i.e.*, activation and deactivation of prepaid debit cards, into the areas within the exclusive rights and purview of DPC, *e.g.*, manufacturing, marketing, and distribution of Plastic Cards, Defendants' have infringed DPC's "FASTCARD" mark willfully and intentionally.

29. Defendants' conduct has created, and if allowed to persist will continue to create, confusion among the members of the relevant consuming public.

30. As a result of the Defendants' infringement of DPC's "FASTCARD" mark, Plaintiff DPC has been damaged and will continue to be damaged in an amount that cannot be presently ascertained, and will suffer further injury and irreparable harm unless and until the infringement is enjoined.

## Count II – Federal False Designation of Origin

31. Paragraphs preceding Count I are incorporated by reference and realleged herein.

32. This count arises under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

33. Plaintiff DPC's "FASTCARD" mark has become uniquely associated with and identifies DPC and its products and services. Plaintiff DPC has developed substantial goodwill and customer recognition in the DPC marks through promotion and advertising.

34. Defendants' unauthorized use of the "FASTCARD" mark constitutes a use in commerce of a word, term, name, symbol, or device, or combination thereof in connection with goods that is likely to cause confusion, mistake, or to deceive as to the origin, sponsorship, or approval of the goods and/or services.

35. Defendants' unauthorized use of the "FASTCARD" mark in connection with its goods and services is likely to mislead and misrepresent the source of those goods and services and to result in a false belief by consumers that the goods and services are licensed, associated with, or sponsored by DPC.

36. Defendants' unauthorized use of the "FASTCARD" mark constitutes false designation of origin in violation of 15 U.S.C. § 1125(a).

37. By knowingly moving from the area of their acquired trademark registrations for the "FASTCARD" mark, *i.e.*, activation and deactivation of prepaid debit cards, into the areas within the exclusive rights and purview of DPC, *e.g.*, manufacturing, marketing, and

8

distribution of Plastic Cards, Defendants have willfully and intentionally used DPC's mark to trade on and benefit from the goodwill associated in the minds of consumers with Plaintiff DPC in wanton disregard of DPC's rights.

38. As a result of Defendants' false or misleading representations, Plaintiff DPC has been damaged in an amount that is unknown and cannot at the present time be ascertained.

39. Unless enjoined by this Court, Defendants will continue to make false or misleading representations and Plaintiff DPC will continue to suffer immediate and irreparable injury for which there is no adequate remedy at law.

### Count III – Florida Injury to Business Reputation; Dilution

40. Paragraphs preceding Count I are incorporated by reference and realleged herein.

41. This count for Florida injury to business reputation and Florida dilution arises under Florida Statutes § 495.151.

42. Defendants have advertised and sold Encoded Cards and related services under the "FASTCARD" mark.

43. Defendants' actions constitute an injury to business reputation and dilution under Florida Statutes §495.151.

44. There exists a likelihood of injury to the business reputation of DPC because of Defendants' use of the "FASTCARD" mark.

45.   There exists a likelihood of dilution of the distinctive quality of DPC's "FASTCARD" mark due to Defendants' use of the mark.

46.   DPC is the prior user of the "FASTCARD" mark vis-à-vis each of the Defendants and has superior rights to the mark.

47.   An injunction should issue enjoining Defendants' use of the "FASTCARD" mark or any similar mark.

### Count IV – Cancellation of Registered Marks

48.   Paragraphs preceding Count II are incorporated by reference and realleged herein.

49.   This count for cancellation of registered trademarks arises under Lanham Act §37, 15 U.S.C. §1119.

50.   Defendants' "FASTCARD" marks are likely to cause confusion or mistake, or to deceive as to the source or origin of such goods or services with respect to DPC's "FASTCARD" mark.

51.   Because of DPC's prior registration of the "FASTCARD" mark for Plastic Cards, and because DPC is the prior user of the "FASTCARD" mark in the relevant commerce, Defendants do not have valid trademark registrations for their "FASTCARD" marks or any confusingly similar mark.

52.   Defendants' "FASTCARD" trademark registrations were improperly issued and should be ordered cancelled.

## RELIEF REQUESTED

WHEREFORE, Plaintiff DPC prays that:

(I) Defendants be held jointly and severally liable for monetary damages under the above Counts;

(II) An injunction issue enjoining Defendants from using the "FASTCARD" mark or any similar mark or tradename;

(III) All products and/or merchandise bearing the "FASTCARD" mark or any similar mark or tradename in Defendants' possession, custody, or control be destroyed;

(IV) Defendants be prohibited from selling products and/or merchandise bearing the "FASTCARD" mark or any similar mark or tradename;

(V) the Court certify a decree and/or order to the Commissioner of the United States Patent and Trademark Office requiring the cancellation of all trademark registrations in the name of any of the Defendants for a "FASTCARD" mark, or any confusingly similar mark; and

(VI) that DPC be awarded the costs of this action, and such other relief as this Court deems appropriate.

Dated: March 29, 2005

_____
Frank R. Jakes (trial counsel)
Florida Bar No. 0372226
Joseph J. Weissman
Florida Bar No. 0041424
JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP
403 East Madison St., Suite 400
Tampa, Florida 33602
813-225-2500 (Phone)
813-223-7118 (Fax)
Counsel for Plaintiff